IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOSALYN BUCHANAN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-3525 |
| § | |
| U.S. BANK N.A., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

The plaintiff, Josalyn Buchanan, sued U.S. Bank, N.A. ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (together, "the defendants") in Texas state court on August 12, 2013, seeking to stop the foreclosure of her home in Harris County, Texas. (Docket Entry No. 1, Ex. C–1). Ms. Buchanan asserted a claim for wrongful foreclosure under Texas law. On September 3, 2013, the state court issued a temporary restraining order prohibiting the defendants from foreclosing on the property. (*Id.*, Ex. C–6). On December 2, 2013, the defendants filed a Notice of Removal based on diversity jurisdiction, (Docket Entry No. 1), then moved to dismiss to dismiss the wrongful foreclosure claim under Federal Rule of Civil Procedure 12(b)(6), (Docket Entry No. 2).

Based on the motion, the pleadings, and the applicable law, this court grants the defendants' motion to dismiss. The dismissal is without prejudice, and Ms. Buchanan is granted leave to replead. She must do so by **January 31, 2014.**

The reasons for this ruling are explained below.

**I.      The Allegations in the Complaint**

The complaint states that Ms. Buchanan's mother took out a mortgage loan from U.S. Bank

in October 2004.  The loan was secured by a deed of trust for the property at issue in this case. (Docket Entry No. 1, Ex. C–1 at ¶ 6).  Ms. Buchanan's mother later consolidated this loan through New Century, a loan-servicing company.  (*Id.*, Ex. C–1 at ¶ 7).  New Century allegedly charged Ms. Buchanan's mother excess loan-processing fees and charged for flood insurance that New Century never "placed in force."  (*Id.*).

In January 2004, New Century "sold" the loan to Ocwen, the loan-servicing agent for U.S. Bank.  (*Id.*).

In March 2006, the Ms. Buchanan's mother, the homeowner, died intestate.  (*Id.*, Ex. C–1 at ¶ 8–9).  Ms. Buchanan filed an Heirship Affidavit in the Real Property Records of Harris County, Texas.  (*Id.*, Ex. C–1 at ¶ 9).  She provided the defendants with a copy of the Heirship Affidavit, her mother's death certificate, the insurance policy[1], and a payment of $10,000 towards the loan.[2] (*Id.*). She alleges that Ocwen "refused to acknowledge a homeowner's insurance policy taken out in the [p]laintiff's name only."  (*Id.*).

In June 2008, Ocwen allegedly agreed to a loan modification that was to take effect the next month.  (*Id.*).  Ms. Buchanan alleges that due to Ocwen's negligence, the loan modification never took effect.  (*Id.*).

In September 2008, the home was damaged by Hurricane Ike.  (*Id.*, Ex. C–1 at ¶ 10).  Ocwen told Ms. Buchanan that the home was not covered by insurance.  As a result, the home was not repaired.  (*Id.*).

The defendants allegedly attempted to foreclose on the home, which led to this lawsuit.  Ms.

---

[1] It is unclear if the complaint is referring to the flood insurance policy or a homeowner insurance policy.

[2] It is unclear what loan the complaint is referring to.

Buchanan "submits that she was not in default so as to justify foreclosure." (Docket Entry No. 1, Ex. C–1 at ¶ 12)

In this motion to dismiss, the defendants argue that the only cause of action, for wrongful foreclosure, cannot proceed, as a matter of law.

## II.     The Motion to Dismiss under Rule 12(b)(6)

### A.     The Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(B)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). The court may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC*

*Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001). The court may consider extrinsic materials such as public records attached to the motion to dismiss without converting the motion into a motion for summary judgment. *Md. Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

### B. The Wrongful Foreclosure Claim

The only claim in the complaint is for wrongful foreclosure. Under Texas common law, a borrower may recover for wrongful foreclosure when inconsistencies or irregularities in the foreclosure process cause the borrower to suffer a loss. *See Wieler v. United Sav. Ass'n of Tex.*, 887 S.W.2d 155, 158 (Tex. App.-Texarkana 1994, writ denied); *see also Cuauhtli v. Chase Home Finance LLC*, No. 406–CV–472–A, 2007 WL 548759, at *4 (N.D. Tex. Feb. 22, 2007). A borrower may recover damages for wrongful foreclosure only if the lender (1) fails to comply with statutory or contractual terms in the foreclosure, or (2) complies with such terms, yet takes affirmative action that detrimentally affects the fairness of the foreclosure proceedings. *Houston Omni USA Co. v. Southtrust Bank Corp.*, No. 01–07-433–CV, 2009 WL 1161860, at *6 (Tex. App.-Houston [1st Dist.] 2009, no pet.); *First State Bank v. Keilman*, 851 S.W.2d 914, 921–22 (Tex. App.-Austin 1993, no writ).

Ms. Buchanan argues that she was not in default and that the defendants wrongfully foreclosed. (Docket Entry No. 1, Ex. C–1 at ¶ 12). She also "challenges the origination, servicing, and enforcement" of the mortgage note, and asks the court to set aside the foreclosure sale. (*Id.*, Ex. C–1 at ¶ 13). There, however, is no evidence that the defendants ever foreclosed on the property. "Under Texas law, even if a mortgage holder wrongfully attempts foreclosure, there is no claim for wrongful foreclosure if the mortgagor does not lose possession of the home." *Smith v. J.P. Morgan*

4

*Chase Bank N/A*, No. H–10–CV–3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010).

The defendants have presented uncontroverted evidence in the form of public records from the Harris County Apprisal District showing that as of November 20, 2013, Ms. Buchanan owns the property. (Docket Entry No. 2, Ex. 1). This court may consider public records such as these in ruling on a motion to dismiss. *Md. Manor Assocs.*, 816 F. Supp. 2d at 404 n.5. Ms. Buchanan has failed to plead an essential element of a wrongful foreclosure claim. That claim must be dismissed, as a matter of law. Ms. Buchanan may replead, however, if she can assert other claims that are viable under the law.

Ms. Buchanan "submits that she was not in default so as to justify foreclosure." (Docket Entry No. 1, Ex. C–1 at ¶ 12). If Ms. Buchanan chooses to replead, she must plead facts that, if proven, would show she was not in default, in order to make claims against the defendants plausible. *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008).

Ms. Buchanan also asserted that the defendants overcharged her mother loan-processing fees and mishandled insurance on the property. These factual allegations are not addressed in this order, because they are unrelated to the wrongful foreclosure claim, and Ms. Buchanan does not link them to any other cause of action.

**III.     Conclusion**

The defendants' motion to dismiss, (Docket Entry No. 2), is granted without prejudice and with leave to amend no later than **January 31, 2014.** Failure to do so may lead to dismissal with prejudice.

SIGNED on December 31, 2013, at Houston, Texas.

                                                  Lee H. Rosenthal
                                      United States District Judge