## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOSALYN BUCHANAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-3525 |
| | § | |
| U.S. BANK N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION

The plaintiff, Josalyn Buchanan, sued U.S. Bank, N.A. ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (together, "the defendants") in Texas state court on August 12, 2013, seeking to stop the foreclosure of her home in Harris County, Texas. (Docket Entry No. 1, Ex. C–1). Ms. Buchanan asserted a claim for wrongful foreclosure under Texas law. On September 3, 2013, the state court issued a temporary restraining order prohibiting the defendants from foreclosing on the property. (*Id.*, Ex. C–6). On December 2, 2013, the defendants filed a Notice of Removal based on diversity jurisdiction, (Docket Entry No. 1), then moved to dismiss the wrongful-foreclosure claim under Federal Rule of Civil Procedure 12(b)(6), (Docket Entry No. 2). This court granted the motion to dismiss, without prejudice, and granted Ms. Buchanan leave to amend. (Docket Entry No. 3). Her amended complaint was due no later than January 31, 2014. She failed to timely amend. On February 14, 2014, the court held a status conference and informed Ms. Buchanan that if she did not file an amended complaint by March 14, 2014, her case would be dismissed with prejudice. (Docket Entry No. 8). Ms. Buchanan filed an amended complaint on May 14, asserting a single claim for breach of contract. (Docket Entry No. 9). The defendants moved to dismiss on grounds

that the amended complaint failed to state a claim upon which relief could be granted and, in the alternative, was barred by limitations.  (Docket Entry No. 10).  Ms. Buchanan did not respond.

Based on the motion, the pleadings, and the applicable law, this court grants the defendants' motion to dismiss.  Prior leave to amend has failed to cure the pleading deficiencies.  Future amendment would be futile, and the dismissal is with prejudice.  Final judgment is separately entered.

The reasons are explained below.

**I.     Background**

The state-court petition asserted a claim for wrongful foreclosure.  The complaint stated that Ms. Buchanan's mother took out a home-mortgage loan from U.S. Bank in October 2004.  The loan was secured by a deed of trust for the property at issue in this case. (Petition, Docket Entry No. 1, Ex. C–1 ¶ 6)).  Ms. Buchanan's mother later consolidated this loan through New Century, a loan-servicing company.  (Petition ¶ 7).  New Century allegedly charged Ms. Buchanan's mother excess loan-processing fees and charged for flood insurance that New Century never "placed in force."  (*Id.*).  In January 2004, New Century "sold" the loan to Ocwen, the loan-servicing agent for U.S. Bank.  (*Id.*).

In March 2006, the plaintiff's mother, the homeowner, died intestate.  (Petition ¶¶ 8–9).  Ms. Buchanan filed an Heirship Affidavit in the Real Property Records of Harris County, Texas. (Petition ¶ 9).  She provided the defendants with a copy of the Heirship Affidavit, her mother's death certificate, the insurance policy,[1] and a loan payment of $10,000.  (*Id.*).  She alleged that Ocwen

---

[1] The complaint was unclear if whether it was referring to a flood insurance policy or a homeowner insurance policy.

"refused to acknowledge a homeowner's insurance policy taken out in the [p]laintiff's name only." (*Id.*).

In June 2008, Ocwen allegedly agreed to a loan modification that was to take effect the next month. (*Id.*). Ms. Buchanan alleged that due to Ocwen's negligence, the loan modification never took effect. (*Id.*). In September 2008, the home was damaged by Hurricane Ike. (Petition ¶ 10). Ocwen told Ms. Buchanan that the home was not covered by insurance. As a result, the home was not repaired. (*Id.*). The defendants allegedly attempted to foreclose on the home, which led to this lawsuit. Ms. Buchanan "submit[ed] that she was not in default so as to justify foreclosure" on the theory that the defendants' "actions constituted a material breach discharging her of further performance." (Petition ¶ 12).

The defendants moved to dismiss on the basis that the wrongful-foreclosure claim failed as a matter of law because no foreclosure sale had occurred. (Docket Entry No. 2). The court granted the motion to dismiss because the petition had failed to allege that the home was sold. The dismissal was without prejudice, and with leave to amend.

**II.    The Amended Complaint**

Ms. Buchanan filed her amended complaint on March 14, 2014, asserting a single claim for breach of contract. (First Amended Complaint ("FAC") Docket Entry No. 9). The factual allegations in the half-page complaint are sparse. It alleges that Ms. Buchanan and Ocwen agreed to a home-loan modification in July 2008, (FAC, Ex. 1). Under the terms of the agreement, the balance on the promissory note (" Note") would be brought current if Ms. Buchanan made a down payment of $580. (*Id.*). The Note required that she make monthly payments of $627, although the first payment was not scheduled until September 1, 2008. The amended complaint stated that

3

Ocwen told Ms. Buchanan to "fax the information of which Insurance Company [she] wanted." (FAC at 1). Ms. Buchanan alleged that she sent Ocwen a quote from Lincoln General and otherwise "complied with [Ocwen's] rules," though she does not mention to which "rules" she was referring.

In September 2008, Hurricane Ike and caused about $30,000 in damage to Ms. Buchana's home. After the hurricane, Ms. Buchanan contacted Ocwen, and was told that it had "forced-placed" homeowner's insurance. This, according to the amended complaint, was an error because she already had a homeowner's insurance policy with Lincoln General. Ocwen paid Lincoln General to reinstate Ms. Buchanan's policy, which had lapsed in October or November 2008. But because of alleged errors by Ocwen, Lincoln General cancelled her policy, causing Ocwen to again force-place homeowner's insurance.[2] Ms. Buchanan alleged that Ocwen's conduct "ruined" her home, apparently referring to the Hurricane Ike damage that was uninsured.

### III.   The Legal Standard for Motions to Dismiss and For Leave to Amend

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces

---

[2] It appears that the force-placed insurance remains in effect.

4

does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996). [C]ourts may also consider matters of which they may take judicial notice." *Id.* at 1017–18. A court may, however, "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001). The court may consider such extrinsic materials as matters of public record without converting the motion into one seeking summary judgment.

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."). However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face." 6 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("'[A] district court acts within its

discretion when dismissing a motion to amend that is frivolous or futile.'" (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))); *Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

Under Federal Rule of Civil Procedure 15(a), a district court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). "[T]he language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for leave to amend[.]" *Id.* (internal quotation marks omitted). Under Rule 15(a), "[d]enial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010). A proposed amendment is futile if "the amended complaint would fail to state a claim upon which relief can be granted." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000). "[T]he same standard of legal sufficiency as applies under Rule 12(b)(6)" applies to determining futility. *Id.* (internal quotation marks omitted).

**IV.   Analysis**

The threshold issue is whether Ms. Buchanan filed her suit too late. In Texas, the statute of limitations for breach of contract claims is four years. TEX. CIV. PRAC. & REM. CODE § 16.051; *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002). A claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416,

418 (5th Cir. 1989) (internal quotations omitted). "It is well-settled law that a breach of contract claim accrues when the contract is breached." *Stine*, 80 S.W.3d 592.

Ms. Buchanan filed her state-court petition more than four years after her breach of contract claim accrued. That claim accrued in 2008. The basis of the claim appears to stem from Ocwen improperly "force-placing" homeowner's insurance. According to the amended complaint, this alleged wrongdoing occurred, at the latest, in October 2008. This suit was filed in August 2013, almost five years later. Ms. Buchanan's claim is time-barred.

Ms. Buchanan's suit also fails to state a claim upon which relief may be granted. The elements of a breach of contract claim under Texas law are: (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009).

Ms. Buchanan does not assert how Ocwen's act of force-placing homeowner's insurance constituted a breach of the loan-modification agreement. She does not specify what contract provision Ocwen breached, which is necessary to state a claim. *See Myers v. Bank of Am., N.A.*, No. 11-cv-457, 2012 WL 1107687, at *4 (E.D. Tex. Mar. 31, 2012) ("[I]n order to properly plead a claim based on breach of the Note and Deed of Trust, Plaintiffs must point to a specific provision in the contract that was breached by the Defendants."); *Coleman v. Bank of Am., N.A.*, No. 11-cv-430, 2011 WL 2516169, *2 (N.D. Tex. May 27, 2011) (citing *Case Corp. Inc. v. Hi–Class Bus. Sys. of Am.*, 184 S.W.3d 760, 769–70 (Tex. App.—Dallas 2005, pet. denied)).

Ms. Buchanan has also failed to allege facts that, if proven, would show that she has performed her obligations under the loan-modification agreement; that is, proof that she is current

in payment obligations. Her state-court petition implicitly conceded that she was not current on the Note, but argued that Ocwen's behavior excused her from making payments. (Petition ¶ 12). Any misconduct or breach on Ocwen's part regarding the homeowner's insurance does not excuse Ms. Buchanan from her duty to make timely payments. Generally, a mortgage borrower in default may not assert a claim for breach of contract against the lender. *Water Dynamics, Ltd. v. HSBCBank USA, Nat'l Ass'n*, 509 F. App'x 367, 369 (5th Cir. 2013) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990)). The allegations in the amended complaint do not raise a plausible inference that the dispute over the homeowner's insurance prevented Ms. Buchanan from paying the loan.

Ms. Buchanan has failed to state a claim for breach of contract. She has failed to cure the pleading deficiencies despite the court previously granting her leave to amend. Further amendment would be futile. The breach of contract claim is dismissed, with prejudice.

## V.     Conclusion

The defendants' motion to dismiss, (Docket Entry No. 10), is granted. Ms. Buchanan's claims are dismissed, with prejudice. Final judgment is separately entered.

SIGNED on July 3, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge